IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JEROME WILLIAMS, #109812, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 3:23-cv-00375 |
| | ) Judge Trauger |
| VINCE VANTELL, et al., | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM AND ORDER TO SHOW CAUSE**

Jerome Williams, a state inmate proceeding pro se, has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. No. 1) and has paid the filing fee.

The petition is now before the court for a preliminary review. *See* Rule 4, Rules Gov'g § 2254 Cases (hereinafter, "Habeas Rules"). Under Habeas Rule 4, the court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.*; *see also Crump v. Lafler*, 657 F.3d 393, 396 n.2 (6th Cir. 2011) (citing *McFarland v. Scott*, 512 U.S. 849, 856 (1994)) ("If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition.").

The petition is labelled an "extraordinary emergency" (*id.* at 1) and presents the claim that the petitioner is being held in custody after the expiration of his sentence. The petition states that the petitioner was convicted of aggravated rape and armed robbery, for which he received prison sentences of 30 and 25 years, respectively. (*Id.* at 5.) Attached to the petition is a "TOMIS Offender Sentence Letter" dated January 10, 2023, which reflects that the petitioner has a "total maximum sentence" of 60 years, based on convictions of armed robbery (25 years), aggravated rape (30 years), and burglary (5 years). (*Id.* at 17–18.) According to this document, the petitioner was

sentenced as "offender type: standard" at "range percent: 30.0," and his sentence became effective on January 6, 1986. (*Id.*) A sentence "expiration date" of June 9, 2030 is listed, as well as a "full expiration date" of January 6, 2046. (*Id.* at 17.)

The court construes the petition to assert the claim that, because the petitioner was sentenced within a range allowing for release eligibility after service of 30 percent of his sentences, he "should have done six years on the 25-year sentence with good time at 30.0 percent and been granted custodial parole" in 1992, so as to then begin his 30-year sentence, only 9 years of which he should have been made to serve. (*Id.* at 6–13.) The petitioner figures that he should have served no more than sixteen years, yet he remains in prison to this day because "the parole board ha[s] abuse[d] power." (*Id.* at 13.) He states that he does not challenge "the judgment of the sentence[,] just all of the time he is doing on the sentence which has exp[ired]." (*Id.* at 13.) He demands his immediate release from custody. (*Id.* at 14.)

The court takes judicial notice that this is not the petitioner's first habeas corpus petition. In addition to previous challenges to his convictions under § 2254, *see Williams v. Myers*, No. 3:04-cv-00820 (M.D. Tenn. 2004); *In re Williams*, No. 04-6248 (6th Cir. 2005), he filed a petition under 28 U.S.C. § 2241 in 2014, asserting that his sentence should be deemed to have expired upon analysis of the proper Tennessee sentencing statute, and with the proper computation of sentencing credits. *Williams v. Holloway*, No. 2:14-cv-02652-STA-tmp (W.D. Tenn. 2016), *certificate of appealability denied*, No. 16-5557 (6th Cir. Dec. 12, 2016). In that case, the State filed a motion for summary judgment based on the statute of limitations. As part of its summary judgment proof, the State produced an affidavit from its Director of Sentence Management Services that explains the computation of the petitioner's sentence expiration date, as well as identifies the type of sentence credits the petitioner is eligible to earn and the rate at which he

2

can earn them. *See id.*, Doc. No. 18 at 6–8. The district court determined that the applicable one-year statute of limitations began to run, at the latest, when the Tennessee courts denied the petitioner's petition to recalculate his sentencing credits under state law in 2008–2009; accordingly, it found that his 2014 petition under § 2241 was untimely. *See id.* at 12–13. The Sixth Circuit denied a certificate of appeal, finding that "[r]easonable jurists would not debate the district court's ruling that the 2014 habeas petition was untimely." *Id.*, Doc. No. 25.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), before a "second or successive" habeas application may be filed in district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Although this requirement of prior authorization is jurisdictional where it applies, *Cress v. Palmer*, 484 F.3d 844, 852 (6th Cir. 2007) (citing *Burton v. Stewart*, 549 U.S. 147, 157 (2007)), courts have held that it only applies to a second or successive § 2254 petition. So, "when a petitioner applies for habeas relief under § 2241 and later applies for relief in a petition governed by § 2254, that subsequent petition is not a 'second or successive habeas corpus application' within the meaning of 28 U.S.C. § 2244." *Hartfield v. Osborne*, 808 F.3d 1066, 1074 n.3 (5th Cir. 2015) (citing *Yellowbear v. Wyoming Attorney General*, 525 F.3d 921, 923 (10th Cir. 2008), and *Jacobs v. McCaughtry*, 251 F.3d 596, 598 (7th Cir. 2001)). Though it does not appear that the Sixth Circuit has held as much, that court has cited *Hartfield* and *Yellowbear* favorably in another context. *See Saulsberry v. Lee*, 937 F.3d 644, 647 (6th Cir. 2019) (joining *Hartfield*, *Yellowbear*, and other circuit court decisions in finding that "§ 2254 governs a pending § 2241 petition in the event of a conviction").

Though it thus does not appear that the petitioner was required by statute to obtain prior authorization before filing his § 2254 petition in this case, nevertheless, where a second-in-time

3

habeas petition "raises a claim that could have been raised in the first petition but was not so raised, either due to deliberate abandonment or inexcusable neglect," the second-in-time petition may be dismissed in the court's discretion under the doctrine of abuse of the writ. *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006) (citing *McCleskey v. Zant*, 499 U.S. 467, 489 (1991)); *McCleskey*, 499 U.S. at 487 ("Congress did not intend § 2244(b) to foreclose application of the court-announced principles defining and limiting a district court's discretion to entertain abusive petitions."); *cf. In re Hanna*, 987 F.3d 605, 608 (6th Cir. 2021) (finding that "the abuse-of-the-writ doctrine is applied in light of [AEDPA]," so the doctrine is only applicable to successive claims that do not "fall within a scenario addressed by § 2244"). Under that doctrine, "if the petitioner knew of the factual predicate for his claims before filing his first federal petition, he is barred from raising those claims in a later petition." *Johnson v. Louisiana Dep't of Corr.*, No. CV 19-13554, 2020 WL 5899009, at *9 (E.D. La. Aug. 4, 2020) (citing *Crone v. Cockrell*, 324 F.3d 833, 837 (5th Cir. 2003)).

The claim of the current petition could have been raised in the petitioner's 2014 petition, as the events giving rise to the instant claim—the state's failure to grant him custodial parole in 1992 and its requirement that he continue to serve his sentence after reaching his date of release eligibility—were known to the petitioner and occurred long before he filed his 2014 habeas petition, in which he also claimed that his continued incarceration was unlawful. The petitioner's failure to raise this current claim in his prior petition alleging sentence expiration, when the underlying facts had been known for decades, would not appear to be excusable. "To excuse his failure to raise the claim earlier, [the petitioner] must show cause for failing to raise it and prejudice therefrom as those concepts have been defined in our procedural default decisions." *McCleskey*, 499 U.S. at 494. It seems particularly unlikely that the petitioner would be able to demonstrate prejudice resulting from an inability to press his claim of entitlement to custodial parole in 1992

4

and to a shortened sentence after reaching release-eligibility benchmarks. Generally speaking, there is no federal right to parole or to the application of particular parole procedures where, as in Tennessee, release on parole is discretionary with the parole board. *See Rucker v. Purviance*, No. 3:21-CV-00555, 2022 WL 409691, at *8 (M.D. Tenn. Feb. 9, 2022), *appeal dismissed*, No. 22-5192, 2022 WL 18862128 (6th Cir. Oct. 24, 2022), *cert. denied*, 215 L. Ed. 2d 57, 143 S. Ct. 795 (2023), and cases discussed therein; *see also Johnson v. Renico*, 314 F. Supp. 2d 700, 713 (E.D. Mich. 2004). Nor does the mere setting of release eligibility at a certain percentage of time served guarantee release from the sentence upon reaching that benchmark, at least not in the case of an offender serving a lengthy sentence. *See* 1990 Tenn. Laws Ch. 729, § 1 (amending Tenn. Code Ann. § 40-35-501 to reflect that only "inmates with felony sentences of two (2) years or less shall have the remainder of their original sentence suspended upon reaching their release eligibility date," whereas felony offenders with more than 2-year sentences are merely "eligible for parole consideration" on that date).

While abuse of the writ is an affirmative defense that the government is generally required to plead, *see McCleskey*, 499 U.S. at 494, "[t]he circuit courts have interpreted this requirement to permit the district court to raise the issue of abuse of the writ sua sponte so long as it provides the movant with an opportunity to respond to the charge." *Woods v. United States*, 104 F.3d 361 (Table), 1996 WL 733127, at *2 (6th Cir. Dec. 18, 1996) (citing, *e.g.*, *Williams v. Whitley*, 994 F.2d 226, 231–32 (5th Cir.), *cert. denied*, 510 U.S. 1014 (1993)). As discussed above, the court makes the preliminary finding that the instant petition amounts to an abuse of the writ. The petitioner must now show cause why the petition should not be dismissed on that basis, and, if not, why it should be deemed timely filed, despite being predicated upon parole decisions made long ago. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) (holding that "district courts are permitted,

5

but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition" but "must accord . . . fair notice" before dismissing on that basis).

Accordingly, within **30 DAYS** of the entry of this order, the petitioner **MUST** file a response **SHOWING CAUSE** why this case should not be dismissed on the grounds identified above. Failure to respond within this time (or to request an extension of the deadline before it expires) will result in dismissal of the action.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge